**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **DOLLAR GENERAL CORPORATION** ) | **MDL 1635** |
| **FAIR LABOR STANDARDS LITIGATION** ) | |
| _____ | |
| ) | |
| ) | |
| **CYNTHIA RICHTER,** *on behalf of herself and* ) | |
| *others similarly situated*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) **Civil Action** _____ | |
| -vs- ) | |
| ) | |
| **DOLGENCORP, INC., DOLGENCORP OF** ) | |
| **NEW YORK; DOLGENCORP OF TEXAS; and** ) | |
| **DOLLAR GENERAL PARTNERS,** ) | **CONSOLIDATED WITH** |
| ) | **7:02-cv-0673-UWC** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, Cynthia Richter, and files this lawsuit against the Defendants, Dolgencorp, Inc., Dolgencorp of New York, Dolgencorp of Texas and Dollar General Partners, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendants Dolgencorp, Inc., Dolgencorp of New York, Dolgencorp of Texas and Dollar General Partners (hereinafter collectively referred to as "Defendants" or "Dollar General") are corporations conducting business in the State of Alabama. Defendants operate retail stores in the "dollar store" market under the trade name "Dollar General." Defendants

operate over 8000 stores in approximately 39 states.  Defendants are all subsidiaries and/or sister corporations of each other and are the employers of all the store managers who work in Dollar General stores.

       2.       Plaintiff Cynthia Richter currently resides in Tuscaloosa County, Alabama.

       3.       At all times material to this action, Plaintiff was employed by Defendants at its store #_____, located in Tuscaloosa County, Alabama.

       4.       This action is brought pursuant to the statutory scheme set out under the FLSA, 29 U.S.C §201 et seq.  Specifically, this action is being brought under the collective action provision found at Section 216(b).  This lawsuit seeks to remedy violations of the wage provisions of the FLSA by Defendants.  Defendants' actions have deprived the Plaintiff, and all others similarly situated, of lawful wages.

       5.       This action is brought to recover unpaid overtime compensation owed to Plaintiff, and all others similarly situated, pursuant to FLSA.  For at least three (3) years prior to filing this complaint, Defendants have had uniform policy and practice of consistently requiring its store managers to work 60-90 hours per week for a salaried amount.  The alleged managerial employees, including Plaintiff, performed managerial duties less than 5-10 hours each week. The remainder of their time was spent performing non-managerial functions, including, but not limited to, running the registers, stocking merchandise and cleaning the store.  At the time Defendants hired the Plaintiff, they told her that her salary would cover 45 hours each week and include an annual teamshare bonus.  The Plaintiff, and all others similarly situated, was paid a specified weekly salary. The Plaintiff, and all others similarly situated, was not paid any overtime compensation despite the fact that she worked 20-45 hours a week over the required 40 hours.  The vast majority of her hours, and those similarly situated, were spent performing non-

managerial job duties. The Plaintiff seeks overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 20 U.S.C. §216(b).

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C §1391(b). This court also has jurisdiction since it is the chosen site of the Multidistrict Litigation panel.

7. Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

8. At all times material to this action, Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

9. At all times relevant to this action, Defendants were "employers" of Plaintiff as defined by §203(d) of the FLSA.

10. At all times material to this action, the Plaintiff was an "employee" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

11. The provisions set forth in §§206 and 207, respectively, of the FLSA, apply to Defendants and Plaintiff and they were covered by §§206 and 207 of the FLSA while Plaintiff was employed by Defendants.

12. At all times relevant to this action, Defendants employed Plaintiff, and others similarly situated, in the capacity of a store manager, including, but not limited to certified store managers and floaters.

13. The services performed by Plaintiff, and others similarly situated, were a necessary and integral part of Defendants' business and directly essential to its corporate objectives.

14. The Plaintiff, and others similarly situated, was required to perform both managerial and non-managerial duties without overtime compensation.

15. Defendants have intentionally failed and/or refused to pay the Plaintiff, and all others similarly situated, managerial salary/rates according to the provisions of the FLSA.

16. The systems, practices and duties of the Plaintiff, and all others similarly situated, have existed for at least three (3) years throughout the Defendants' business.

17. For at least three (3) years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide store manager employees with overtime compensation. Despite this knowledge, the Defendants have failed to pay its store managers the mandatory lawful overtime compensation to conform the duties of these employees to the requirements of the FLSA.

18. Defendants have intentionally and repeatedly misrepresented the true status of managerial compensation to its employees as well as their entitlement to managerial incentives, bonuses and overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them.  Because of those misrepresentations, the Plaintiff detrimentally relied upon Defendants' mischaracterization and was unable to determine her true status under the FLSA by the exercise of reasonable diligence.

19. As a result of the actions of Defendants in fraudulently concealing the true status of its employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendants are estopped from raising such statue of limitations as a bar.

20. Defendants have further engaged in widespread pattern and practice of violating

the provisions of FLSA by failing to pay Plaintiff, and others similarly situated employees, in accordance with §207 of the FLSA.

21. As a result of Defendants' violations of the FLSA, the Plaintiff, and others similarly situated, have suffered damages by failing to receive managerial compensation in accordance with §207 of the FLSA.

22. In addition to the amount of unpaid wages and benefits owing to the Plaintiff, and others similarly situated, they are also entitled to recover an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

23. Defendants' actions in failing to compensate the Plaintiff and others similarly situated employees, in violation of the FLSA, were willful.

24. Defendants have not made a good faith effort to comply with the FLSA.

25. The Plaintiff, and all others similarly situated, are entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, the Plaintiff pursuant to §216(b) of the FLSA, prays for the following relief:

1. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendants' present and former store managers in all locations within the United States during the three (3) years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid managerial compensation and benefits pursuant to 29 U.S.C. §216(b);

2. The Plaintiff be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C.

§216(b), and/or prejudgment interest;

3. Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and,

4. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

5. Plaintiff further demands a struck jury to try the issues raised in this matter.

_____
JERE L. BEASLEY

_____
WILSON DANIEL MILES, III

_____
ROMAN A. SHAUL (ASB#5043-S58R)
Attorneys for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone No. (334) 269-2343
Facsimile No. (334) 954-7555

## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY ON ALL ISSUES RELATED TO THIS CAUSE

_____
OF COUNSEL

**DEFENDANTS MAY BE SERVED WITH PROCESS AT:** CSC-LAWYERS INCORPORATING SERVICE, 150 S. PERRY STREET, MONTGOMERY, AL 36104.