FILED
2007 Mar-23  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA RICHTER, *on behalf of herself and others similarly situated,* | ] ] ] ] |
| Plaintiffs, | ] ] |
| vs. | ] 7:06-CV-01537-LSC |
| DOLGENCORP, INC., *et al.*, | ] ] ] |
| Defendants. | ] |

MEMORANDUM OPINION

I.   Introduction.

The Court has for consideration Cynthia Richter's ("Plaintiff") Motion for Expedited Ruling on Collective Action Certification, filed on August 15, 2006, and Dolgencorp, Inc.'s[1] ("Defendant") Motion to Dismiss Pursuant to

---

[1] In addition to Dolgencorp, Inc., the following entities are also named as defendants in this cause: Dolgencorp of New York, Dolgencorp of Texas, and Dollar General Partners. These three defendants claim that they are not subject to this Court's personal jurisdiction and have moved to be dismissed from this case. (Doc. 27.) As addressesed elsewhere in this opinion, that motion is due to be denied. Defendant Dolgencorp, Inc. has stated in its Response to Plaintiff's motion for collective action certification that its fellow defendants joined in that filing "to the extent the Court determines is appropriate" without a waiver of their personal jurisdiction objections. (Doc. 41 at 1 n.1.) Dolgencorp, Inc., however, stated that its co-defendants did not join it in its surreply to Plaintiff's reply brief. (Doc. 71 at 1 n.1.) For the sake of clarity, the

Rule 12(b)(2) for Lack of Personal Jurisdiction, filed on September 5, 2006. (Docs. 6, 27.) Both motions have been fully briefed and are under submission.

Defendant operates retail stores under the trade name "Dollar General." (Doc. 2 ¶ 1; Doc. 29 ¶ 1.) Plaintiff was the manager of Defendant's store #01558 in Cottondale, Tuscaloosa County, Alabama, from February 2005 to June 2005. (Doc. 2 ¶ 3; Doc. 5 at 5.) On August 7, 2006, Plaintiff filed this cause as a collective action[2] pursuant to 29 U.S.C. § 216(b). (Doc. 1.) She alleges that Defendants intentionally and/or recklessly "failed to pay their store managers proper wages, including overtime compensation," in violation of the Fair Labor Standards Act, 29

---

Court will use the term "Defendant" to refer to Dolgencorp, Inc. When the Court refers to the other defendants, the implicit context will make it obvious.

[2] This action was filed the same day that *Brown, et al., v. Dollar General Store, LTD, et al.*, 7:02-CV-00673-UWC, was settled. *Brown* was filed in the Northern District of Alabama in 2002 and assigned to then-Chief Judge U.W. Clemon. Plaintiff asserts that her allegations in this case are "identical to the ones made in the *Brown* case." (Doc. 7 at 4.)

Also on August 7, 2006, *Gray v. Dolgencorp, et al.*, 7:06-CV-01538-LSC was filed in this Court. The plaintiffs in that cause (former *Brown* opt-ins) assert substantially the same allegations against the same defendants as in the instant case, and they are represented by the same counsel. Plaintiff has stated that she "anticipates" moving for the consolidation of the *Gray* and *Richter* cases should this Court grant conditional certification in the latter cause. (Doc. 7 at 3.)

U.S.C. § 201 *et seq.* ("FLSA").[3] (Doc. 6 ¶ 3.) Plaintiff asks the Court to conditionally certify this cause as a collective action; to facilitate nationwide notice or partial notice to all similarly situated persons; and to order Defendant to produce the "name, telephone number, address, and social security number of all present and former employees within three years of the date the complaint was filed." (Doc. 6 at 5.) Plaintiff further seeks unpaid compensation and benefits; damages and/or prejudgment interest; attorneys' fees and costs; and appropriate injunctive relief. Defendant argues that this cause is unsuitable for conditional collective action certification because Plaintiff and her proposed opt-in class are not "similarly situated" to each other within the meaning of 29 U.S.C. § 216 (b) and the applicable regulations.

---

[3] Plaintiff claims that Defendant implemented a company-wide conversion of its store manager positions from hourly to salaried in 1995-96. She avers that this was done because store managers often had to work overtime hours, and doing so meant that Defendant could avoid "paying its highest paid employee premium overtime rates." (Doc. 5 at 6-7.) Plaintiff further claims that Defendant "imposes uniform guidelines and constraints on store managers that compel all of them to spend the majority of their time on non-management duties. Those same non-management tasks are performed in each store. The 'relative importance' of those same non-management tasks is the key to the profitability of each store." (Doc. 53 ¶ 4.)

Upon careful consideration of the evidence and legal arguments made by the parties, Plaintiff's motion is due to be **GRANTED**, and Defendants' motion is due to be **DENIED**.

II.     Procedural History.

Plaintiff filed her complaint on August 7, 2006, and asserted a collective action against Defendants on behalf of all others similarly situated. (Doc. 1.) She amended her complaint on August 9, 2006, and moved for an expedited ruling on collective action certification on August 15, 2006. (Docs. 2, 6.) Defendant answered on September 5, 2006. (Doc. 29.) On that same day, Defendants Dolgencorp of New York, Dolgencorp of Texas, and Dollar General Partners moved to be dismissed from this cause for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. 27.)

III.    Discussion.

Plaintiff has brought this FLSA action against Defendant on behalf of herself and all current and former store managers similarly situated. However, "a member of the class who is not individually named in the complaint is not a party to [an FLSA lawsuit] unless he affirmatively 'opts in'

by filing a written consent with the Court."[4] *Haynes v. Singer Co.*, 696 F.2d 884, 885 (11th Cir. 1983) (citing 29 U.S.C. § 216 (b)). Plaintiff therefore asks the Court to allow this case to proceed conditionally as a collective action and authorize nationwide notice to "all managers and former managers of Defendants" for the past 3 years.[5] (Doc. 6 at 1.) Before a district court may issue such an order, however, Plaintiff must show to the court's satisfaction "that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiff need not establish "a unified policy, plan, or scheme of discrimination" to satisfy the liberal "similarly situated" requirement of § 216(b)," *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996), but she does bear the burden of demonstrating a "reasonable basis" for her claim of class-wide

---

[4] In this manner, a collective action under 20 U.S.C. § 216(b) is a "fundamentally different creature than the Rule 23 class action." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003).

[5] Because Plaintiff has alleged that Defendant has intentionally violated the FLSA, the notice period for the conditional opt-in class would be 3 years. *See* 29 U.S.C. § 255(a); *see also Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994), *cert. denied*, 513 U.S. 929 (1994).

discrimination. *See Haynes,* 696 F.2d at 887.  Plaintiff may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination — that is, detailed allegations supported by affidavits which "successfully engage defendants' affidavits to the contrary." *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 406-07 (D. N.J. 1988).  The decision whether to facilitate notice to potential plaintiffs is within the sole discretion of the district court, which also has the power to allow for discovery of the names and addresses of potential collective action class members. *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).

The United States Court of Appeals for the Eleventh Circuit has suggested a two-tiered approach for dealing with collective action certification and notice pursuant to § 216(b).  *Hipp v. Libery Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).[6]  First, a district court would make a decision, "usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members." *Id.* at 1218 (quoting *Mooney v. Aramco Servs.*

---

[6] Although *Hipp* addresses a collective action brought under the Age Discrimination in Employment Act of 1967, the same analysis applies to collective actions under the FLSA. *Cameron,* 347 F.3d at 1243 n.2.

*Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).  "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' or a representative class." *Id.* Then, "after discovery is largely complete...[and] the court has much more information on which to base its decision," the district court makes a "factual determination" as to whether the claimants are similarly situated. *Id.*

Although any characterization of Ms. Richter as a wholly new plaintiff with no connection to the *Brown* litigation is essentially one step shy of a legal fiction, Defendant has not convinced this Court that the "fairly lenient" standard of the first analytical tier should not be applied. Defendant notes the extensive discovery carried out in *Brown* — estimating that it alone produced over 400,000 pages of documents (Doc. 71 at 3 n.4) — and correctly observes that district courts often apply a more rigorous standard in analyzing motions for collective action certification where substantial discovery has already taken place.[7]  However, the discovery in

---

[7] *See Brooks v. Bellsouth Telecommunications, Inc.*, 164 F.R.D. 561, 568-69 (N.D. Ala. 1995) (denying certification after "extensive discovery" had been done in the case); *Davis v. Charoen Pokphand (USA) Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004)

such cases was conducted by the same plaintiff in the same action in which the motion for collective action certification was pending.  That is not the situation here.  At least 30 individuals from diverse states have filed consents to opt into this action.  These potential plaintiffs and Ms. Richter are different and distinct plaintiffs from the named plaintiffs in *Brown*, and assert "substantial allegations of class-wide discrimination" through allegations and evidence that Defendant has violated the FLSA.  *See, e.g, Grayson,* 79 F.3d at 1097.  Such allegations, if founded, may well unify individuals in the proposed class and allow for "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity."  *Hoffman-LaRoche Inc.,* 493 U.S. at 170.  Defendant further argues that this case is inappropriate for collective action certification because the only disputed element of the executive exemption

---

(applying "a more rigorous standard than that called for...a typical motion for conditional certification" where plaintiffs "have had an opportunity to conduct discovery with respect to defendant's policies and procedures); *Morisky v. Public Service Electric & Gas Co.*, 111 F. Supp. 2d 493, 498 (D. N.J. 2000) (less lenient standard where discovery was completed "well before" the motion for collective action certification was filed). Further, this Court's opinion in *Slaughter v. CVS RX Servs., Inc.*, 2:03-cv-01403-LSC (N.D. Ala. Nov. 2, 2004) applied a more rigorous standard where the plaintiffs moved to facilitate notice at a comparatively late stage of the litigation; had already conducted extensive discovery; and offered only "mere conjecture" and a single questionable affidavit as evidence that similarly situated employees wished to opt into the lawsuit.

is the question of whether Plaintiff's "primary duty" is management – a criterion requiring an individualized inquiry. (Doc. 47 at 3.) While Defendant may ultimately be able to establish this at the "tier two" decertification phase of this cause, the Court finds that Plaintiff has met her burden under the more lenient standard of "tier one."

Plaintiff's motion is therefore due to be **GRANTED**.[8] The Court will facilitate nationwide notice to those similarly situated. The parties will be **DIRECTED** to confer and jointly file with the Court a proposed collective action notice and plan for facilitating notice.

The Court emphasizes, however, that it is under no illusion that the instant action bears no relation to the *Brown* litigation, and will not perpetuate any such pretense. *Brown*, filed in 2002 and settled in late

---

[8] The Court also has for consideration Defendant's Motion to Strike the Evidentiary Submission Filed with Plaintiff's Reply in Support of the Motion for Collective Action Certification, or in the Alternative for Leave to File Surreply in Opposition to the Motion for Collective Action Certification, filed on October 10, 2006 (Doc. 56), and Defendant's Motion to Strike Plaintiff's Supplementary Evidentiary Submission in Support of the Motion for Collective Action Certification, or in the Alternative for Leave to File Surreply in Opposition to the Motion for Collective Action Certification, filed on January 8, 2007 (Doc. 71). The Court will not strike the evidentiary material in question, but it has given due consideration to the surreply that Defendant appended to its second Motion to Strike. (*Id.*) Both of these motions are therefore due to be **GRANTED IN PART** (as to leave to file a surreply) and **DENIED IN PART** (as to the striking of evidentiary material).

2006, was litigated by the same counsel and stated the same allegations against the same defendant. All parties have extensively relied on the evidentiary record of *Brown*, and Plaintiff in particular has tried to, in the words of Defendant, "have it both ways – claiming that she lacks sufficient discovery while relying on the wealth of information accumulated throughout four years of litigation." (Doc. 71 at 2.) Although the interests of justice lead the Court to grant conditional certification and to facilitate nationwide notice, the Court acknowledges its role in ensuring that the discovery process is not unduly duplicative, burdensome, or costly.[9] Accordingly, the Court sees no reason why discovery conducted in *Brown* or in *Gray* should not be used in *Richter* to the extent that it is relevant. The parties are **DIRECTED** to ensure that the discovery in this cause is carried out in good faith and takes into account the time, expense, and substance of the discovery already undertaken in *Brown* and/or *Gray*.

---

[9] *See* Fed R. Civ. P. 26(b)(1) cmt. background (2000) (amendments to the discovery rules were in part "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery. The Committee has been informed repeatedly by lawyers that involvement of the court in managing discovery is an important method of controlling problems of inappropriately broad discovery. Increasing the availability of judicial officers to resolve discovery disputes and increasing court management of discovery were both strongly endorsed by the Federal Judicial Center").

IV.    Conclusion.

For the aforementioned reasons, this Court exercises its discretion to authorize and order nationwide notice to Plaintiffs' proposed opt-in class, and to conditionally certify this cause as a collective action.  Therefore, Plaintiff's Motion for Expedited Ruling on Collective Action Certification is due to be **GRANTED**.  Should further discovery reveal that the opt-in plaintiffs are too disparate and/or their claims are of an individualized nature not suitable for collective action treatment, Defendant may raise these issues in a motion for decertification or a motion for summary judgment.

Since the Court has conditionally certified this cause as a collective action, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) is due to be **DENIED**.  The moving Defendants have leave to re-file this motion upon any subsequent decertification of this cause.

Further, in light of the considerable amount of time and resources already expended over the life of the *Brown*, *Richter*, and *Gray* actions, the Court will **ORDER** the parties to actively discuss settlement and/or

Alternative Dispute Resolution possibilities.  The parties will also be **ORDERED** to apprise the Court on the outcome of this discussion.

A corresponding order is filed contemporaneously herewith.

Done this 23rd day of March 2007.

                                           */s/ L. Scott Coogler*
                                           L. SCOTT COOGLER
                                    UNITED STATES DISTRICT JUDGE
                                                             147406