IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

CYNTHIA RICHTER, on behalf of )
herself and others similarly )
situated, )
)
       Plaintiffs; )    7:06-cv-01537-LSC
)
  vs. )
)
DOLGENCORP, INC., et al., )
)
       Defendants.

MEMORANDUM OF OPINION

Before the Court is the Plaintiffs' Motion for Order Approving Settlement. (Doc. 357.) After considering the parties' submissions and hearing argument from counsel, the Court will grant the motion, approving the settlement agreement and an award of $8,304,518 to the Plaintiffs.

Each of the 2840 individual Plaintiffs involved in this case were sent notice, providing their settlement share and the amount of attorneys' fees and costs allotted to their particular claims. The notice also informed the Plaintiffs of their right to accept or reject the settlement offer, and of their ability to object to their portion of attorney's fees and expenses. Out of this group, Plaintiffs' counsel were unable to

locate 59 of the individual plaintiffs, and 50 Plaintiffs either failed to respond or rejected the settlement offer. None of the individual Plaintiffs' objected to the amount of attorney's fees and expenses allotted to their particular claim, and in fact they each executed a full release indicating their approval. In addition to granting the motion to approve the settlement, the Court will also award the Plaintiffs' counsel attorney's fees in the amount of $3,372,800, and award costs and expenses in the amount of $745,000.

I. Approval of Settlement

In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," any parties to an FLSA settlement must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Having reviewed the guidelines set forth by the Eleventh Circuit for approval of an FLSA settlement, and scrutinizing the settlement, the Court finds that: the Amended Settlement Agreement is fair; it reflects reasonable compromises of issues actually in dispute; the settlement was reached in an adversarial context in which the Plaintiffs were represented by competent and experienced counsel; and the totality of the proposed settlement is fair and reasonable, all as required by *Lynn's Food. Id.* at 1354.

Therefore, the Amended Settlement Agreement is approved.

II.    Attorney's Fees

Also before the Court is Plaintiffs' counsels' request for an award of attorney's fees and expenses. The FLSA calls for a "reasonable attorney's fee" to be paid to prevailing plaintiffs. 29 U.S.C. § 216(b). Because this Court has approved the settlement agreement, the Plaintiffs' qualify as prevailing parties who are entitled to attorney's fees. *See American Disability Ass'n v. Chimelarz*, 289 F.3d 1315, 1317 (11th Cir. 2002) (plaintiff who entered into a settlement agreement approved by the district court under the similar fee shifting provision of the Americans With Disabilities Act was a prevailing party); *cf. Dionne v. Floormasters Enter., Inc.*, 667 F.3d 1199 (11th Cir. 2012) (plaintiff was not a prevailing party under the FLSA where the district court did not approve a settlement agreement).

Plaintiffs' counsel has requested an award of $3,427,568.18. However, it is up to the Court to use the "Lodestar method" to determine what qualifies as a "reasonable attorney's fee." *See Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). The starting point with this method is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate . . . . The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Bivins*

*v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations omitted). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). However, district courts are often faced with inadequate fee applications. The long-standing law in the Eleventh Circuit is that the district court is an expert as to this question, and when there is a "lack of documentation or testimonial support the court may make the award on its own experience." *Id.* FLSA rights "cannot be abridged by contract or otherwise waived." *Lynn's Food*, 679 F.2d at 1352 (quoting *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981)). Therefore, even if the individual Plaintiffs and Plaintiff's counsel have contracted to a particular fee arrangement, the Court still has the responsibility of independently determining a "reasonable fee" for its award of attorney's fees as required by the FLSA. *See Silva v. Miller*, 307 F. App'x 349, 352 (11th Cir. 2009); *see also United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel").

The first step in this process involves determining a reasonably hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for

similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. While the "lodestar method" has replaced the older Fifth Circuit balancing test laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the Eleventh Circuit has approved consideration of the *Johnson* factors in determining the reasonable hourly rate. *Norman*, 836 F.2d at 1299 ("We still believe that at least some of the *Johnson* factors have utility in establishing the hourly rate"); *Loranger v. Stierheim*, 20 F.3d 776, 781 (11th Cir. 1994) (upholding district court's upward adjustment of hourly rate based on the *Johnson* factors); *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n. 7 (11th Cir. 1999) (stating that the *Johnson* factors have been adopted by the Eleventh Circuit "for reasonable fee determinations for prevailing parties"). The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

The Plaintiffs' submissions in support of the reasonable hourly rate for their particular case are clearly deficient, consisting of nothing more than an affidavit by one of the Plaintiffs' attorneys that the requested fee is reasonable. However, this Court has determined that a reasonable fee for attorneys of reasonably comparable skills, experience, and reputation for class action work of this type would be a blended rate of $380 per hour for each of the Plaintiffs' attorneys. The Court further finds that a rate of $50 per hour is reasonable for the services of paralegals and law clerks.

The Court will next consider an upward adjustment of this base hourly rate based on the *Johnson* factors. The Court finds that several of these factors counsel in favor of an upward adjustment of the base hourly rate. The fact that the fee in this case was contingent rather than fixed, factor 6 from *Johnson*, and that Plaintiff's counsel have therefore performed extensive work and fronted costs on this case over a period of eight years, counsels in favor of an upward adjustment to reflect the significant risk counsel has taken on over the course of this litigation. A similar consideration related to the contingent nature of this fee is the fact that the individual Plaintiffs have already agreed to pay their attorney's a contingent fee of roughly 41% of the total award after having an opportunity to reject said fee. While this Court still has an obligation to make an independent determination as to a reasonable fee, the Court does take into consideration the fee that the individual Plaintiffs themselves have agreed is

reasonable.

Another relevant factor is the amount involved and the results obtained, factor 8 of the *Johnson* analysis. *Johnson*, 488 F.2d at 718. The Defendants have argued that many of the individual Plaintiffs were not entitled to any damages, yet under the settlement agreement that has been reached all of the Plaintiffs will be compensated, a very successful result which argues for an upward adjustment. The undesirability of the case, factor 10, also factors in favor of an upward increase of the base reasonable rate. *See id.* at 719. The case was a complex one, featuring a class made up of thousands of Plaintiffs, and requiring the fronting of significant costs by the attorneys and eight years of work with the prospect of receiving nothing in return. Many law firms would be unwilling to undertake work of this sort. The customary fee, factor 5, also counsels in favor of an upward adjustment, considering that the requested fee of 41% of the award would not be out of the ordinary for large class action litigation of this type. *Id.* at 718. After consideration of the *Johnson* factors, the Court will apply a 1.2 times multiplier to the base reasonable rate of $380 per hour, to reach a rate of $456 per hour for attorney's fees.

The next step is for the Court to consider the number of hours reasonably expended. *Bivins*, 548 F.3d at 1350. The Court is to exclude those hours that "would be unreasonable to bill to a client and therefore to one's adversary irrespective of the

skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301. The Plaintiffs' evidentiary submissions relating to hours expended were also clearly deficient, consisting entirely of one the Plaintiffs' attorneys' affidavit that attorneys expended 6,300 hours on the case and paralegals and law clerks expended 3,300 hours on the case. This was only supplemented by a short and conclusory list of some of the activities Plaintiffs' counsel has undertaken in prosecuting the case, such as taking over 200 depositions and responding to production requests and requests for admission. Plaintiffs' counsel has not submitted any sort of hourly breakdown of time spent on the litigation, despite the Court's invitation to submit such documentation during the settlement hearing held on October 8, 2014.

However, this Court is familiar with litigation of this type and with this case in particular, having presided over it for eight years. Therefore, the Court determines that the amount of hours claimed by Plaintiffs' counsel for attorneys and paralegals/law clerks—6,300 hours of attorney time and 10,000 of paralegal and law clerk time—is a reasonable number of hours expended for a case of this size, involving this many Plaintiffs, and having gone on for this length of time. After multiplying the Court-determined reasonable hourly rate by the number of hours reasonably expended, this Court has arrived at an initial fee award of $3,372,800.

Finally, the Court considers whether to make an overall adjustment upward or

downward to the lodestar figure. *Norman*, 836 F.2d at 1301. "The *Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar—doing so amounts to double counting." *Bivins*, 548 F.3d at 1352. There is a "'strong presumption' that the lodestar figure is reasonable" that should only be overcome in "rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553-54 (2010). The base lodestar calculation "includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986). The Court finds that all of the relevant circumstances were already taken into the account in its determination of the initial lodestar figure, and therefore no final adjustment upward or downward is necessary. The Court will award Plaintiffs' counsel attorney's fees in the amount of $3,372,800.

III. Costs and Expenses

The Plaintiffs also seek an award of $745,000 in expenses. The FLSA calls for a prevailing Plaintiff to also be awarded the "costs of the action." 29 U.S.C. § 216(b). Plaintiffs' counsels' evidentiary submissions on the subject of costs, much like the other evidentiary submissions in connection with the matter of attorney's fees, are

lacking, consisting of only an extremely broad breakdown of how much was spent on categories such as "Depositions" and "Research/Material/Supplies." (Doc. 356-4.) However, in the Court's expert judgment, the amount requested is a reasonable amount of expenses in light of the size and protracted length of the litigation. Therefore, the Court will award $745,000 in expenses.

IV.     Conclusion

For the foregoing reasons, the Plaintiffs' Motion for Order Approving Amended Settlement, (Doc. 357), is due to be GRANTED. Out of the settlement amount, $3,372,800 will be allocated for an award of attorneys' fees, and $745,00 will be deducted for costs and expenses.

A separate order will be entered.

Done this 24th day of November 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177825